**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                    Case No. 13-20125-13-JAR

**STEPHEN ROWLETTE,**

    **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Stephen Rowlette's "Motion to Take Judicial Notice" (Doc. 494), wherein he requests the Court to grant leave to file a notice of appeal out of time and for appointment of counsel. On September 2, 2014, Defendant entered a plea of guilty to Count 1 of a twenty-four count indictment charging him and others with conspiracy to distribute and possession with intent to distribute more than 50 grams of methamphetamine.[1] On July 5, 2016, the Court sentenced Defendant to a term of 360 months' imprisonment.[2]

Under Fed. R. App. P. 4(b)(1)(A), Defendant was required to file a notice of appeal within fourteen days after entry of his judgment of conviction, which was entered July 6, 2016. Defendant has not filed a notice of appeal and requests leave to do so out of time. In support, he attaches a letter from counsel, F.A. White, dated July 6, 2016, in which Mr. White advises Defendant that he has no chance for appeal and does not suggest it, as he waived his right to appeal in the plea agreement. Mr. White goes on to advise Defendant: "if you are going to do something you can start that process yourself, but you do need to advise the Court Clerk that you

---

[1] Docs. 153, 154.
[2] Doc. 482.

wish to have a Notice of Appeal filed and that you are unable to afford the filing fee etc.  That must be done within 14-days."  Defendant also attaches a letter from Mr. White dated September 14, 2016, taking exception to Defendant's claim that he requested White to file a notice of appeal, and that he had not done so.  Finally, Defendant attaches a letter to Mr. White dated October 5, 2016, in which he claims that he never received the July 6, 2016 letter and that he did in fact tell Mr. White that he wanted to appeal.

Fed. R. App. P. 4(b)(4) permits the court, upon a finding of excusable neglect or good cause, to "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."  Thus, even assuming Defendant has demonstrated excusable neglect or cause, his request is untimely, as the Rule only permits the Court to grant additional time up to thirty days after the entry of judgment, in this case August 5, 2016.  Defendant did not seek leave to file his notice of appeal out of time until October 11, 2016, nearly three months after the Court entered judgment.  Although the untimely filing of an appeal in a criminal case is not jurisdictional,[3] this Court lacks authority to extend Defendant's time to appeal beyond the time permitted in Rule 4(b)(4), and his motion for relief and for appointment of counsel is therefore **denied**.

**IT IS SO ORDERED.**

Dated: November 2, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[3] *United States v. Beltran-Flores*, 604 F. App'x 746 (10th Cir. 2015) (quoting *United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007)) (brackets omitted) (internal quotation marks omitted).