### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**STEPHEN ROWLETTE,**<br><br>    **Defendant.** | **Case No. 13-20125-13-JAR** |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Stephen Rowlette's Motion for Return of Illegally Seized Property (Doc. 493) pursuant to Fed. R. Crim. P. 41(g). Defendant contends that the following property was seized by various federal law enforcement agencies without "probable cause to believe the property was connected with any illicit activity or the property had not been legally acquired":

2006 Dodge Viper Automobile

2007 Infiniti G35 Automobile

2006 Jeep Grand Cherokee Automobile

2006 Suzuki GSXR Motorcycle

2003 Suzuki GSXR Motorcycle

2001 Honda VTX 1800 Motorcycle

Lot of assorted electronics, computers, tablets, etc.

Residence at 6544 Sni-A-Bar Road, Kansas City, MO 64129

Money seized from Commissary Account at the Correctional Corporation of America (CCA) facility at Leavenworth, Kansas.

1

An "aggrieved" person may move for the return of seized property under Fed. R. Crim. P. 41(g). That rule states in relevant part:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.[1]

Rule 41(g) "'is an equitable remedy, . . . available to [the movant] only if he can show irreparable harm and an inadequate remedy at law.'"[2]

The Government opposes Defendant's request, and sets out in its response the status of the property listed in his motion (Doc. 498). First, the Kansas City, Missouri residence is the defendant in *United States v. 6544 Sni-A-Bar Road, Kansas City, Missouri*, Case No. 16-CV-1116-JTM-KGG, which is a civil forfeiture case in which the Government seeks to forfeit the real property. As set forth in the Complaint, the Government has a *lis pendens* on defendant property, which has not been seized, and intends to move forward with serving a notice of forfeiture to the owner and all persons or entities who may claim an interest.[3]

Second, the Government states that the three vehicles and three motorcycles were turned over to law enforcement in the Western District of Missouri by relatives of Defendant who were serving as custodians of the property and listed on the title of some of the vehicles. The Government does not presently have custody of this property, but states that it intends to forfeit the items as substitute assets in satisfaction of the forfeiture money judgment in the amount of

---

[1] Fed. R. Crim. P. 41(g).

[2] *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (quoting *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)).

[3] No. 16-1116, Doc. 1.

2

$7,090,500.00 entered by the Court in Defendant's criminal proceedings.[4]  This Court cannot grant the relief sought for the property because Defendant's motion was filed in the wrong district.[5]  As the Government sets forth in its response, to the extent any of this property was "seized," it was not done in Kansas, but rather, the Western District of Missouri.

Third, the Government states that the United States Secret Service advises that assorted electronics, computers, and tablets were seized pursuant to a valid search warrant in the Western District of Missouri, and that the items are being examined as evidence in the prosecution of a second criminal proceeding pending before this Court, *United States v. Black, et al.*, Case No. 16-CR-20032-JAR.  As the Government notes, property seized and held by state law-enforcement officers is in the constructive possession of the United States for Rule 41(g) purposes if it is being held for potential use as evidence in a federal prosecution, as is the case here.[6]  Because the motion for return of this property is made while the underlying criminal prosecution is pending, the burden is on Defendant to show that he is entitled to the property.[7]  Courts recognize that the government is entitled to retain legally seized evidence until the conclusion of a criminal case.[8]

Finally, $123.32 was seized from Defendant's commissary account while in custody at CCA pursuant to a federal seizure warrant.[9]  The Government contends that the funds are subject to forfeiture and are also considered evidence in the pending *Black* prosecution.  Alternatively,

---

[4]Docs. 164, 482.

[5]*United States v. Long*, No. 14-40151-DDC, 2016 WL 3034010, at *2 (D. Kan. May 26, 2016).

[6]*Copeman*, 458 F.3d at 1071.

[7]*United States v. Jeffs*, No. 05-CR-00503-REB, 2006 WL 898112, at *1 (D. Colo. Apr. 4, 2006) (citations omitted).

[8]*See, e.g.,United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212–13 (10th Cir. 2001).

[9]All Monies And Other Things Of Value In Certain Inmate Permanent Accounts, Held And Maintained By Corrections Corporation of America, I 00 Highway Terrace, Leavenworth, Kansas, District of Kansas Case No. 16-8088-JPO.

the Government asserts that it may seek forfeiture of these funds as a substitute asset in satisfaction of the forfeiture money judgment entered against Defendant in his underlying criminal proceedings.[10]

Accordingly, Defendant is not entitled to relief under Rule 41(g), because he has not demonstrated an inadequate remedy at law.  The property listed is either not in the possession of the United States, or is held as evidence in a pending criminal prosecution or subject to criminal and/or civil forfeiture proceedings.  The Court therefore **denies** Defendant's motion.

**IT IS SO ORDERED.**

Dated: December 1, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[10]Doc. 482.