# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEPHEN ROWLETTE,

    Defendant.

Case No. 13-20125-13-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Stephen Rowlette's *pro se* Motion to Recall Mandate (Doc. 518). For the reasons explained in detail below, the Court gives Defendant notice of its intent to treat his motion as a request for habeas relief under 28 U.S.C. § 2255.

On September 2, 2014, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine.[1] This Court sentenced Defendant to 360 months' imprisonment on July 6, 2016.[2] No direct appeal was taken. Defendant now alleges that he asked counsel to file an appeal, and that counsel failed to do so, effectively abandoning his constitutional right to an appeal. As a remedy, Defendant requests this Court recall the judgment of conviction and restart his 14-day period for filing a notice of appeal.

Defendant does not mention the federal habeas statute—28 U.S.C. § 2255—in his motion. Nevertheless, because of the nature of the relief that Defendant seeks, the Court is

---

[1] Docs. 153, 154.

[2] Doc. 482.

inclined to treat his motion as a request for § 2255 habeas relief.³ Before doing so, however, the Court gives Defendant the opportunity to contest the recharacterization and to withdraw the motion.⁴ Defendant must be warned: if the Court takes this action, "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions."⁵ Defendant should therefore consider whether he has included all of the allegations he wishes to bring in a § 2255 motion, or whether he should amend the allegations that he has raised. Defendant should also be aware he has a one-year statute of limitations after the judgment becomes final to bring claims under § 2255 or his claims are barred.⁶

Unless Defendant files with the Court a notice of his desire not to have his motion treated as a § 2255 motion—thereby withdrawing the motion—on or before **June 5, 2017**, the Court will treat his motion as a request for § 2255 relief. Alternatively, Defendant may file a motion to amend his motion to explicitly set out his grounds for § 2255 relief no later than **June 5, 2017.** The Court directs the Clerk's Office to send Defendant a standard form for § 2255 motions he may use to amend his motion or refile later as a motion if he elects to withdraw his pending motions. If Defendant does not move to amend the motion or withdraw it altogether, the Court will construe the motion as a § 2255 motion and order the Government to respond. If the Court takes this action, any and all motions filed thereafter under § 2255 will be construed as successive, and can only be filed with permission of the Tenth Circuit Court of Appeals.⁷ If

---

³*See United States v. Jasso Chavero*, 630 F. App'x 866, 868 (10th Cir. 2015) (citing *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003) (holding a particularized claim that counsel failed to file a notice of appeal despite a timely request is generally sufficient to warrant habeas relief)).

⁴*See generally Castro v. United States*, 540 U.S. 375, 381–83 (2003).

⁵*Id.* at 383.

⁶*See* 28 U.S.C. § 2255(f).

⁷*See United States v. Brockman*, No. 09-20001-CM, 2010 WL 1489718, at *1 (D. Kan. Apr. 13, 2010) (citation omitted).

Defendant chooses to request to amend the motion under § 2255, he must include **all** claims that can be brought under 28 U.S.C. § 2255.[8]

**IT IS THEREFORE ORDERED BY THE COURT** that on or before **June 5, 2017,** Defendant must file either (1) a motion to withdraw his currently pending motion to recall mandate (Doc. 518) and a notice of his desire not to have his motion recharacterized as a request for § 2255 relief; or (2) a motion to amend his motion to include all claims that can be brought under 28 U.S.C. § 2255. If Defendant does not respond, the Court will treat the motion as a request for § 2255 relief.

**IT IS FURTHER ORDERED THAT** the Clerk's Office forward a copy of the § 2255 petition form to Defendant along with a copy of this order.

**IT IS SO ORDERED.**

Dated: May 4, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[8] *Id.*