# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**STEPHEN ROWLETTE,**

    **Defendant.**

Case No. 13-20125-13-JAR

## ORDER

On May 4, 2017, the Court gave Defendant Stephen Rowlette notice of its intent to treat his *pro se* Motion to Recall Mandate (Doc. 518) as a request for habeas relief under 28 U.S.C. § 2255 (Doc. 520). In response, Defendant states that if the only choices available are to treat the motion as a § 2255 motion or to withdraw the motion, he chooses the latter (Doc. 523). Nevertheless, Defendant renews his request that the Court consider a third option: ruling on the merits of his motion without recharacterizing it as a § 2255 motion, and recall and reissue the sentencing mandate, thereby "restarting" his fourteen-day window to file a notice of appeal. If the Court does not grant the requested relief, Defendant asks that the motion "be held in abayance [sic] pending further review and/or amendment to include all potential claims."

The Court declines to consider Defendant's third option. As noted in its previous order, Defendant alleges that he asked counsel to file a direct appeal, and that counsel failed to do so, effectively abandoning his constitutional right to an appeal. As the cases cited by Defendant make clear, however, such allegations of ineffective assistance of counsel must be raised in a petition for habeas relief.[1] More specifically, where, as here, the case involves a waiver of the

---

[1] *See United States v. Parker*, 720 F.3d 781, 785–86 (10th Cir. 2013); *United States v. Garrett,* 402 F.3d 1262, 1266 (10th Cir. 2005).

right to collaterally attack the judgment or sentence, counsel provides ineffective assistance by not filing a notice of appeal when a defendant clearly requests it be done, and a defendant may not rescind a valid waiver that is enforceable upon the government's motion.[2] Accordingly, the options available to Defendant remain: (1) proceed with the motion as a recharacterized request for § 2255 relief with opportunity to amend; or (2) withdraw the motion. Because Defendant's response makes less than clear how he chooses to proceed, the Court will give him another opportunity to file an appropriate clarifying response.

**IT IS THEREFORE ORDERED BY THE COURT** that on or before **June 19, 2017,** Defendant must file either (1) a motion to withdraw his currently pending motion to recall mandate (Doc. 518) and a notice of his desire not to have his motion recharacterized as a request for § 2255 relief; or (2) a motion to amend his motion to include all claims that can be brought under 28 U.S.C. § 2255. If Defendant does not respond or responds in a fashion similar to the instant response, the Court will consider the motion withdrawn.

**IT IS SO ORDERED.**

Dated: May 19, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[2]*Parker,* 720 F.3d at 786 (citations omitted). Defendant's Plea Agreement contains a waiver of appeal and collateral attack. Doc. 154 at 8.